**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL ) <br> NO. 7 PENSION FUND, Individually and On ) <br> Behalf of All Others Similarly Situated, ) <br> ) <br>                 Plaintiff, ) <br> ) <br>    vs. ) <br> ) <br> WALGREEN CO., et al., ) <br> ) <br>                Defendants. ) <br> ) <br> ) | No. 1:08-cv-02162 <br><br> <u>CLASS ACTION</u> <br><br> Judge Aspen <br> Magistrate Judge Brown |

**MEMORANDUM IN SUPPORT OF THE MOTION OF TEAMSTERS AFFILIATES PENSION PLAN, INTERNATIONAL BROTHERHOOD OF TEAMSTERS GENERAL FUND AND RETIREMENT AND PROTECTION PLAN FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

## I.    PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of Walgreen Co. ("Walgreen" or the "Company") common stock between June 25, 2007 and November 29, 2007, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investors Teamsters Affiliates Pension Plan, International Brotherhood of Teamsters General Fund and Retirement and Protection Plan (the "Teamsters' Funds") hereby move

this Court for an Order to: (i) appoint the Teamsters' Funds as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve the Teamsters' Funds' selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Miller Law LLC to serve as Liaison Counsel.

This motion is made on the grounds that the Teamsters' Funds are the most adequate plaintiff, as defined by the PSLRA. The Teamsters' Funds are precisely the type of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as institutional investors, the Teamsters' Funds are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the class.

During the Class Period, the Teamsters' Funds incurred a substantial $461,981.08 loss on their transactions in Walgreen shares. *See* Miller Decl., Ex. B.[1] To the best of their knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action. In addition, the Teamsters' Funds, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

---

[1] References to the "Miller Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Marvin A. Miller, dated June 16, 2008, and submitted herewith.

## II.     FACTUAL BACKGROUND[2]

Walgreen operates a chain of drugstores in the United States.

The complaint charges Walgreen and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, Walgreen was experiencing a steady decline in the growth of its core business: filling retail drug prescriptions. Throughout the Class Period, defendants failed to disclose declining growth rates for the Company's generic prescription business and misled investors concerning the sustainability of Walgreen's profits and sales. According to the complaint, unbeknownst to Walgreen's public shareholders, underlying the erosion of Walgreen's earnings was a material contract dispute with one of the nation's largest third-party providers of prescription drug benefits – CVS Caremark ("Caremark"). During 2007, Walgreen disputed Caremark's reimbursement rates for a number of prescription drug plans located primarily in the upper Midwestern U.S., which were negatively impacting the Company's earnings.

On October 1, 2007, prior to the market opening, Walgreen announced its financial results for its fourth fiscal quarter and fiscal year 2006. For the fourth quarter, the Company reported net income of $0.40 per share – far below analysts' earnings expectations of $0.47 per share. In response to the announcement, the price of Walgreen stock declined from $47.00 per share to $39.96 per share, on extremely heavy trading volume.

Then, on November 29, 2007, Walgreen announced that "[a]fter many months" of dispute with Caremark over the reimbursement rates for four prescription plans, Walgreen withdrew as a pharmacy provider from the plans.  Following this announcement, shares of Walgreen common

---

[2] These facts are drawn from the allegations in the complaint.

stock declined to a new three-year low of $36.59 per share at the close of trading on November 30, 2007.

## III.   ARGUMENT

### A.   The Teamsters' Funds Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff caused the first notice regarding the pendency of this Action to be published on *Business Wire*, a national, business-oriented newswire service, on April 16, 2008.  *See* Miller Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2.    The Teamsters' Funds Satisfy the "Lead Plaintiff" Requirements of the Exchange Act

#### a.    The Teamsters' Funds Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on June 16, 2008.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on April 16, 2008, the Teamsters' Funds timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The Teamsters' Funds have duly signed and filed a certification stating that they are willing to serve as a representative party on behalf of the class.  *See* Miller Decl. Ex. C.  In addition, the Teamsters' Funds have selected and retained competent counsel to represent them and the class.  *See* Miller Decl. Exs. D-E.  Accordingly, the Teamsters' Funds have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and approval of selection of Lead and Liaison Counsel as set forth herein, considered and approved by the Court.

#### b.    The Teamsters' Funds Are Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. The Teamsters' Funds, as institutional investors, are precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See Id.*

### c.     The Teamsters' Funds Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Miller Decl. Ex. C, the Teamsters' Funds incurred a substantial $461,981.08 loss on their transactions in Walgreen shares. *See* Miller Decl. Ex. B. The Teamsters' Funds thus have a significant financial interest in this case. Therefore, the Teamsters' Funds satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.     The Teamsters' Funds Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims

or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). The Teamsters' Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

The Teamsters' Funds satisfy this requirement because, just like all other class members, they: (1) purchased Walgreen shares during the Class Period; (2) were adversely affected by

defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, the Teamsters' Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Teamsters' Funds to represent the class to the existence of any conflicts between the interest of the Teamsters' Funds and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004).

Here, the Teamsters' Funds are adequate representatives of the class. As evidenced by the injuries suffered by the Teamsters' Funds and the class, the interests of the Teamsters' Funds are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Teamsters' Funds' interests and those of the other members of the class. Further, the Teamsters' Funds have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Teamsters' Funds' proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Teamsters' Funds *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.    The Court Should Approve The Teamsters' Funds' Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Teamsters' Funds have selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has

substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Miller Decl. Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve the Teamsters' Funds' selection of counsel.

## IV.    CONCLUSION

For all the foregoing reasons, the Teamsters' Funds respectfully request that the Court: (i) appoint the Teamsters' Funds as Lead Plaintiff in the Action; (ii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  June 16, 2008                    MILLER LAW LLC


                                         */s/  Marvin A. Miller*
                                         _____
                                         By:  MARVIN A. MILLER
                                         LORI A. FANNING
                                         115 S. LaSalle Street, Suite 2910
                                         Chicago, IL  60603
                                         Telephone:  312/332-3400
                                         312/676-2676 (fax)

                                         [Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
X. JAY ALVAREZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff