# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2162 | **DATE** | 8/19/2008 |
| **CASE TITLE** | Plumbers & Steamfitters Local No. 7 Pension Fund vs. Walgreen, Co. et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion by Teamsters Affiliates Pension Plan, International Brotherhood of Teamsters General Fund and Retirement and Protection Plan for appointment as lead plaintiff and for approval of selection of lead and liaison counsel [16] is granted. The defendant's motion for extension of time [14] is granted. The court grants 30 days to file an amended complaint and 45 days thereafter to answer or otherwise plead. The matter is set for status on November 19, 2008 at 9:30AM.

■[ For further details see text below.] Docketing to mail notices.

## STATEMENT

On April 16, 2008, plaintiff Plumbers and Steamfitters Local No. 7 Pension Fund ("Local No. 7") filed a putative class action alleging that defendant Walgreen Co. ("Walgreen") violated federal securities laws. The Executive Committee transferred the case to this court on June 18, 2008. At the initial status hearing, the parties advised the court that, on June 16, 2008, Teamsters Affiliates Pension Plan, International Brotherhood of Teamsters General Fund and Retirement and Protection Plan (the "Teamsters' Group") filed a motion for appointment as lead plaintiff and for approval of the selection of lead and liaison counsel.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "the court shall . . . appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is the one that: "has either filed the complaint or made a motion in response to a notice; . . . has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* §78u-4(3)(B)(iii).

Local No. 7 published a statutorily-required notice regarding the lawsuit in the Business Wire on April 16, 2008. *Id.* §78u-4(3)(A)(i). The notice provided that motions for appointment as lead plaintiff must be received by the court within 60 days. *Id.* §78u-4(3)(A)(i)(II). Only the Teamsters' Group has submitted a motion as a result. The Teamsters' Group lost $461,981.08 on its transactions in Walgreen shares, which it asserts, on information and belief, to be the greatest loss sustained by any moving class member or class member group. Rule 23, in relevant part, requires that a class representative have claims that are typical of the claims of the class and that it will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(3)-(4). The Teamsters' Group claims are typical of those of the putative class because it allegedly: (1) purchased Walgreen shares during the class period; (2) was adversely affected by Walgreen's statements;

**STATEMENT**

and (3) suffered damages as a result. The Teamsters' Group will fairly and adequately protect the interests of the class because it has no apparent conflicting interests with putative class members and it has retained competent class counsel to represent it. The Teamsters' Group therefore qualifies as a presumptive lead plaintiff. No objections to the appointment of the Teamsters' Group have been filed to rebut this presumption. 15 U.S.C. § 78u-4(3)(B)(iii)(II). Finally, the Teamsters' Group is not disqualified as a professional plaintiff as it has only served as lead counsel in one class action in the last three years. *See id.* § 78u-4(3)(B)(vi). The court consequently appoints the Teamsters' Group, that is Teamsters Affiliates Pension Plan, International Brotherhood of Teamsters General Fund and Retirement and Protection Plan, as lead plaintiff.

The PSLRA also provides that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(3)(B)(v). The Teamsters' Group has selected as lead counsel Coughlin Stoia Geller Rudman & Robbins LLP, a 190-lawyer firm with offices around the United States and considerable experience and accomplishments in securities litigation. It has selected Miller Law LLC, a local litigation boutique law firm with securities litigation experience, as liaison counsel. The team will adequately represent the putative class in this case. Thus, the court grants the Teamsters' Group's motion to appoint lead and liaison counsel.

In light of the foregoing appointments, the court grants the Teamsters' Group 30 days to file an amended complaint. The defendant's motion for an extension of time to answer or otherwise plead is consequently granted and the court grants it 45 days to answer or otherwise plead. The matter is set for status on November 19, 2008. If the defendant files a motion to dismiss, it should notice the motion for presentment within the time provided to answer or otherwise plead and the court will set a briefing schedule at that time.