UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL NO. 7 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>WALGREEN CO., et al.,<br><br>                Defendants. | No. 1:08-cv-02162<br><br><u>CLASS ACTION</u><br><br>Judge Gottschall<br>Magistrate Judge Brown |

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 24, 2009 ORDER

- i -

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL HISTORY | 1 |
| III. | STANDARD FOR RECONSIDERATION | 2 |
| IV. | ARGUMENT | 3 |
| V. | CONCLUSION | 7 |

## I.   INTRODUCTION

Lead Plaintiff, Teamsters Affiliates Pension Plan, International Brotherhood of Teamsters General Fund and Retirement and Protection Plan ( the "Teamsters' Funds"), hereby moves for reconsideration of the Court's September 24, 2009 Order ("Order") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Lead Plaintiff respectfully asks the Court to alter or amend the Judgment of September 24, 2009 and Order, which dismissed the Corrected Amended Complaint for Violation of the Securities Exchange Act of 1934 ("Corrected Amended Complaint") with prejudice, and allow Lead Plaintiff to amend its Corrected Amended Complaint.  Lead Plaintiff seeks reconsideration in order to avoid manifest injustice to Lead Plaintiff and the class of injured investors it represents.

## II.   PROCEDURAL HISTORY

On April 16, 2008, Plumbers and Steamfitters Local No. 7 Pension Fund filed a complaint against Walgreen Co. ("Walgreens" or the "Company"), Jeffrey A. Rein and Gregory D. Wasson (collectively, "Defendants") for violation of the Federal Securities Laws (Docket No. 1).  On June 16, 2008, Teamsters' Funds requested appointment as Lead Plaintiff (Docket Nos. 16 & 17). On August 19, 2008, the Court granted the Teamsters' Funds' motion for appointment as Lead Plaintiff (Docket No. 27).  Approximately two months later, on October 16, 2008, Lead Plaintiff filed an amendment to the original Complaint filed by Plumbers and Steamfitters Local No. 7 Pension Fund; the complaint was titled, Amended Complaint for Violation of the Securities Exchange Act of 1934 ("Amended Complaint").  The Amended Complaint was the first complaint filed by the Teamsters' Funds.  A month later, on November 10, 2008, Lead Plaintiff filed the Corrected Amended Complaint, which simply made a minor correction to the Amended Complaint.

On December 15, 2008, Defendants moved to dismiss the Corrected Amended Complaint (Docket Nos. 40 & 41), and on January 26, 2009, Lead Plaintiff filed its Opposition to Defendants'

Motion to Dismiss (Docket No. 48).  On February 27, 2009, Defendants filed their Reply in support of their Motion to Dismiss (Docket No. 52).

On September 24, 2009, the Court rendered a judgment on Defendants' Motion to Dismiss, dismissing the Corrected Amended Complaint. The Judgment in favor of Defendants was entered on September 28, 2009.  This motion for reconsideration is thus timely filed.  *See Chavez v. Farmington Foods*, No. 97 C 1910, 1997 U.S. Dist. LEXIS 15688, at *2 (N.D. Ill. Sept. 30, 1997) ("Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment.").

### III.    STANDARD FOR RECONSIDERATION

Under Seventh Circuit authority, Fed. R. Civ. P. 59(e) motions for reconsideration may be granted where there is newly discovered evidence, an intervening change in the controlling law, or manifest error of law.  *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).  Indeed, "'[t]he decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court.'"  *Fischer v. Liberty Life Assurance Co.*, No. 05 C 3256, 2008 U.S. Dist. LEXIS 46528, at *6 (N.D. Ill. June 16, 2008), *aff'd* 567 F.3d 369 (7th Cir. 2009) (citation omitted).

Lead Plaintiff's motion for reconsideration seeks leave to file an amended complaint.  *See Chavez*, 1997 U.S. Dist. LEXIS 15688, at *3.  When leave to amend is sought via a Rule 59(e) motion for reconsideration subsequent to entry of a final judgment, the Rule 59(e) standard is altered.  *See Chavez*, 1997 U.S. Dist. LEXIS 15688, at *7.  Indeed, "when a motion for leave to amend a complaint is presented in conjunction with a Rule 59(e) motion, the more liberal standards of Rule 15(a) should govern."  *Id.*  "[C]ourts interpret the Supreme Court's opinion in *Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), to allow amendment of a complaint where justice so requires, even if this amendment is technically sought post-judgment by way of a Rule 59(e) motion."  *Id.* at *7-*8.

- 2 -

## IV. ARGUMENT

"It is well-established that district courts enjoy broad discretion in deciding whether amendment of a complaint should be permitted following a dismissal in a given case." *Chavez*, 1997 U.S. Dist. LEXIS 15688, at *6. Moreover, it is not an abuse of discretion for a court to grant leave to amend to permit a plaintiff to plead more specific factual allegations. *See Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. Ill. 1995) (the district court did not abuse its discretion in granting relief under Fed. R. Civ. P. 60(b) and permitting plaintiff to amend the complaint to allege new facts and greater particularity).

To be sure, the Court's entry of judgment dismissing the Corrected Amended Complaint does not preclude Lead Plaintiff from seeking leave to amend. *See Chavez*, 1997 U.S. Dist. LEXIS 15688, at *5. Lead Plaintiff moved for reconsideration within ten days following the entry of the Judgment and has attached as Exhibit A to the Declaration of Ryan A. Llorens in Support of Lead Plaintiff's Motion for Reconsideration of the Court's September 24, 2009 Order ("Llorens Decl."), filed herewith, the Proposed Second Amended Complaint for Violation of the Securities Exchange Act of 1934 ("Proposed Second Amended Complaint").[1] As such, Lead Plaintiff "has jumped through all the right hoops to seek amendment of [its] complaint at this time." *Chavez*, 1997 U.S. Dist. LEXIS 15688, at*6.

Following the United States Supreme Court's seminal leave-to-amend decision in *Foman v. Davis*, 371 U.S. 178 (1962), it is well established that under Rule 15(a), courts should liberally grant plaintiffs leave to amend their complaints. As the Supreme Court opined:

> If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

---

[1] For the Court's convenience, Lead Plaintiff has also attached a red-lined version showing changes from the Corrected Amended Complaint. *See* Llorens Decl., Ex. B.

- 3 -

>  merits. In absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id*. at 182.

"Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). As the court in *Chavez* illustrated, it is under this backdrop that the substance of Lead Plaintiff's Rule 59(e) motion for reconsideration must be decided. 1997 U.S. Dist. LEXIS 15688, at *8.

The Order is clear that Lead Plaintiff's Corrected Amended Complaint makes a strong showing that defendants were aware of issues related to simvastatin and the Sales, Occupancy and Administrative expense ("SO&A") and there is no dispute that these issues were not disclosed to the public. Order at 2. Rather, the deficiency in the Corrected Amended Complaint is the failure to plead a duty by Defendants to disclose that Walgreens would not meet its 4Q07 guidance because it was not being reimbursed for sales of simvastatin at the prior rates of reimbursement and its SO&A expenses were rising. Order at 3.

The additional facts alleged in Lead Plaintiff's Proposed Second Amended Complaint cures that deficiency. The Proposed Second Amended Complaint alleges that, according to an analyst, Walgreens' management made statements about Walgreens' business to analysts outside its press releases and webcasts and would respond to analyst questions following webcasts. The Proposed Second Amended Complaint alleges that Walgreens disseminated false statements regarding simvastatin and its generic prescription drug reimbursements to the market through analysts that covered its stock. The Proposed Second Amended Complaint provides much greater detail, *i.e.*, that

- 4 -

Defendants told analysts prior to the end of 4Q07 that generics were positive to the Company's business and that management was happy with the outcome of the reimbursements they had negotiated for generic prescription sales. These specific statements about reimbursement rates for simvastatin were false and misleading in their own right by failing to include the adverse, undisclosed information about reimbursements which Defendants then knew. When the analyst repeated these statements to the market, the analyst attributed the statements to management. These specific statements, made to analysts with the knowledge that such information would be disseminated to the public, also created a duty on Defendants' part to fully disclose the adverse information they knew about simvastatin. As such, the new allegations support a duty to disclose. Combined with the Company's subsequent announcement of poor 4Q07 results, because of a severe drop in generic reimbursements and increased SO&A expenses, the additional allegations show a material misstatement, and cure the problem described in the Order.

The Proposed Second Amended Complaint makes other changes pursuant to the Order. Lead Plaintiff has removed allegations related to violation of Securities and Exchange Commission Regulation S-K, specifically Regulation §229.303. 17 C.F.R. §229.303. The Court was clear in its Order that Item 303(a) does not give rise to a private cause of action under the securities fraud laws. As such, the Proposed Second Amended Complaint removes those allegations.

Lead Plaintiff also shortened the Class Period. The prior Class Period was from June 25, 2007 through November 29, 2007. The longer Class Period was intended to recover the inflation removed from the stock when the Company announced on November 29, 2007, that it was terminating its participation in several prescription drug plans involving Caremark. The new Class Period is from June 25, 2007 through October 1, 2007, reflecting the importance of the disclosures on October 1, 2007. Thus, the Class Period ends when Walgreens' 4Q07 results are announced and

- 6 -

Defendants disclose to the market that generic drug reimbursements and SO&A expenses had a detrimental effect on gross margins, gross profits and earnings.

The additional facts alleged in the Proposed Second Amended Complaint are sufficient to allege a securities fraud violation, as the Order holds that other elements of securities fraud were properly alleged, including scienter and materiality. Indeed, all the additional allegations must be taken as true and construed in a light most favorable to Lead Plaintiff. *See Chavez*, 1997 U.S. Dist. LEXIS, at *9. Given the additional facts alleged, it cannot be determined, "beyond a doubt, that [Lead Plaintiff] will be unable to prove a set of facts sufficient to support [securities fraud] claim[s], and thus dismissal of the case would not be warranted under the appropriate standard at this early stage of the case." *Id.* at *10.

Aside from the non-substantive corrections to the Amended Complaint, Lead Plaintiff has only filed the one complaint after being appointed Lead Plaintiff. Moreover, Lead Plaintiff has timely moved for reconsideration, moving within ten days of the Court's entry of the Order dismissing the Corrected Amended Complaint with prejudice. Thus, Lead Plaintiff respectfully requests that the Court amend the September 24, 2009 Judgment and allow Lead Plaintiff the opportunity to amend its complaint.

## V.     CONCLUSION

For the reasons set forth above, Lead Plaintiff respectfully requests that the Court alter or amend the Judgment and Order dismissing Lead Plaintiff's Corrected Amended Complaint with prejudice and allow Lead Plaintiff to amend its complaint.

DATED:  October 13, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
X. JAY ALVAREZ
RYAN A. LLORENS


                /s/ Ryan A. Llorens
By:  RYAN A. LLORENS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  312/332-3400
312/676-2676 (fax)

Liaison Counsel

S:\CasesSD\Walgreen\brf00062362.doc

- 1 -

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 13, 2009.

                                          s/ RYAN A. LLORENS
                                          RYAN A. LLORENS

                                          COUGHLIN STOIA GELLER
                                                RUDMAN & ROBBINS LLP
                                          655 West Broadway, Suite 1900
                                          San Diego, CA  92101-3301
                                          Telephone: 619/231-1058
                                          619/231-7423 (fax)

                                          E-mail: ryanl@csgrr.com

# Mailing Information for a Case 1:08-cv-02162

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X. Jay Alvarez**
  jaya@csgrr.com,e_file_sd@csgrr.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com

- **Ryan A Llorens**
  ryanl@csgrr.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,LFanning@millerlawllc.com,KPulido@millerlawllc.com,JRamirez@millerlawllc.com

- **Therese King Nohos**
  tnohos@dl.com,jefriedman@dl.com,mhanson@dl.com

- **Alan Norris Salpeter**
  asalpeter@dl.com,jefriedman@dl.com,courtalert@dl.com

- **Vincent P. Schmeltz , III**
  vschmeltz@dl.com,llucas@dl.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)